**SANFORD STREET LOCAL DEVELOP-MENT CORPORATION, a Michigan nonprofit corporation, Plaintiff,**

v.

**TEXTRON INC., Defendant and Third–Party Plaintiff,**

v.

**DELTA PROPERTIES, a Michigan co-partnership; Delta Properties, Inc., a Michigan corporation; Bruce D. Langlois; Bruce P. Langlois; Joel J. Langlois; Kimberly Sue Sorrelle; Mary J. Langlois; and Great Lakes Development, Inc., a Michigan corporation, Third–Party Defendants.**

**DELTA PROPERTIES, a Michigan co-partnership; Delta Properties, Inc., a Michigan corporation; Bruce D. Langlois; Bruce P. Langlois; Joel J. Langlois; Kimberly Sue Sorrelle and Mary J. Langlois, Counter–Plaintiffs,**

v.

**GREAT LAKES DEVELOPMENT, INC., a Michigan corporation, Counter–Defendant.**

No. 1:90–CV–582.

United States District Court, W.D. Michigan, S.D.

Nov. 13, 1991.

Steven C. Kohl, Charles E. Barbieri, Landman, Latimer, Clink & Robb, Muskegon, Mich., for third-party defendants and

mittee asserting that they had refused to bargain in good faith. (*See* Ex. J to Defendants' Brief).

counter-plaintiffs Delta Properties, Inc., Bruce D. Langlois, Bruce P. Langlois, Joel J. Langlois and Kim Sue Sorrelle.

Devin S. Schindler, Warner, Norcross & Judd, Grand Rapids, Mich., for defendant and third-party plaintiff CWC Textron, Inc.

Thomas C. Shearer, McShane & Bowie, Lansing, Mich., for third-party defendant Great Lakes Development Inc.

## ORDER

BENJAMIN F. GIBSON, District Judge.

The Court, having reviewed the parties Stipulation, hereby orders:

1. That the Court's August 8, 1991, 768 F.Supp. 1218, Order and Opinion granting in part and denying in part Defendant Textron's and Third Party Defendant Delta's Motions For Partial Summary Judgment is hereby vacated;

2. That notwithstanding this vacation, the August 8, 1991, Order and Opinion will continue to have precedential effect among these parties, subject to the right of appeal, in any lawsuits brought by or against any of these parties against any of the other parties regarding environmental contamination at any property formerly owned by Textron; and,

3. That upon completion of all other obligations under the parties' settlement agreement, this action, with the exception of the third party complaint against Great Lakes and judgment thereon, will be dismissed with prejudice and without costs.